A CERTIFIED TRUE COPY

AUG - 9 2004

ATTEST [signature] FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

AUG - 9 2004

FILED CLERK'S OFFICE

***RELEASED FOR PUBLICATION***

***DOCKET NO. 1620***

## *JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE METOPROLOL SUCCINATE PATENT LITIGATION*

***AstraZeneca AB, et al. v. Andrx Pharmaceuticals, LLC, et al.*, D. Delaware, C.A. No. 1:04-80**
***AstraZeneca AB, et al. v. Eon Labs, Inc.*, D. Delaware, C.A. No. 1:04-205**
***AstraZeneca AB, et al. v. KV Pharmaceutical Co.*, E.D. Missouri, C.A. No. 4:03-592**
***AstraZeneca AB, et al. v. KV Pharmaceutical Co.*, E.D. Missouri, C.A. No. 4:03-1169**

***BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN,* JUDGES OF THE PANEL***

## *TRANSFER ORDER*

This litigation consists of two now consolidated Eastern District of Missouri actions and two District of Delaware actions, that are all brought by patent owners AstraZeneca AB, Astra Zeneca LP, and Aktiebolaget Hässle (collectively, "Astra") for infringement of Astra patents relating to TOPROL-XL® and its active ingredient (metoprolol succinate).[1] These plaintiffs move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Delaware. Defendants in the first filed of the two Delaware actions, Andrx Corp. and an Andrx Corp. subsidiary, do not oppose centralization (with certain conditions) in the Delaware district. Eon Labs, Inc., the defendant in the second Delaware action, also does not oppose centralization, but it requests that the Eastern District of Missouri rather than the District of Delaware be selected as transferee district. Finally, KV Pharmaceutical Co., the defendant in the two now consolidated Eastern District of Missouri actions, opposes Section 1407 centralization, but if such centralization is ordered it would also favor selection of the Eastern District of Missouri rather than the District of Delaware as transferee forum.

On the basis of the papers filed and the hearing session held, the Panel finds that the four actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The validity of two complex pharmaceutical patents, U.S. Patents No. 5,001,161 and No. 5,081,154, is at issue in each of the actions. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery,

---

*Judge Hansen took no part in the decision of this matter.

[1]The Panel has been notified of an additional related action recently filed in the District of Delaware. In light of the Panel's disposition of this docket, this action will be treated as potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

KV Pharmaceutical Co. bases a significant part of its opposition to centralization on its concern that transfer will engender further delays in a litigation in which time is of the essence. We are sympathetic to this concern but view it as misplaced. We note that transfer under Section 1407 will have the salutary effect of assigning the present actions and any future tag-along actions to a single judge who can formulate a pretrial program that ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the courts. We further point out that under 28 U.S.C. § 1407(c), this transfer order is effective when filed with the transferee court, at which time the transferee judge is fully vested with authority to supervise pretrial proceedings — even before the physical arrival of files from the clerk of the involved transferor court. We are confident that counsel, if they deem it necessary, can i) devise ways to assist the transferor clerk in order to expedite the physical transfer of files, and ii) provide the transferee judge with copies of any documents pertinent to any immediate rulings sought from the transferee judge.

In concluding that the Eastern District of Missouri is the appropriate forum for this docket, we note that i) the Missouri district is the location of the first-filed action and pretrial proceedings are already well under way; and ii) this accessible, metropolitan district is well equipped with the resources that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions in this litigation pending in the District of Delaware are transferred to the Eastern District of Missouri and, with the consent of that court, assigned to the Honorable Rodney W. Sippel for coordinated or consolidated pretrial proceedings with the two actions pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman